**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TONYA DAVIS, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| ERNEST FENTON; LAW OFFICE OF | ) | |
| ERNEST B. FENTON, P.C. | ) | |
| and LEGAL SERVICES, INC. | ) | |
| Defendant. | ) | |

**COMPLAINT FOR VIOLATION OF THE FAIR HOUSING ACT 42 U.S.C. §3601 *et seq.*;**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U. S. C. §§ 1981, 1982;**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS**
**PRACTICES ACT, 815 ILCS 505/2B.2; BREACH OF CONTRACT; AND BREACH OF**
**FIDUCIARY DUTY**

Plaintiff, Tonya Davis, complaining of the Defendant, Ernest Fenton, by their attorneys, Kelli Dudley and Andrew Sidea of the Law Office of Kelli Dudley, as and for a Verified Complaint herein, upon information and belief, and at all times hereinafter mentioned, allege as follows:

**INTRODUCTION**

1.     Defendant Ernest Fenton (Defendant Fenton) is an attorney admitted to practice in the State of Illinois. Through various advertisements, he holds himself out to defend mortgage foreclosure actions on behalf of consumers like Tonya Davis. Defendant Fenton is the president of the Law Office of Ernest B. Fenton, P.C. (Defendant PC), and Legal Services, Inc. (Legal Services) (both corporate entities collectively with Defendant Fenton, the "Defendants") through which he offered legal services at all times relevant to this complaint.

2.     Tonya Davis hired Defendants to defend her home from foreclosure. Tonya Davis fell behind on mortgage payments, received paperwork indicating her property was subject to foreclosure, and responded to advertising by Defendants.

### PARTIES, JURISDICTION AND VENUE

3.     Tonya Davis resides in the county of Cook, state of Illinois.

4.     Defendant Fenton is licensed to practice law in the state of Illinois, and Defendant PC and Legal Services, Inc. are Illinois domestic corporations. At all times set forth herein, Defendant Fenton was acting as the agent of Defendant PC and Defendant Legal Services.

5.     On or about September 25, 2010, Defendant Fenton held himself out to the public in general, and to Tonya Davis in particular, as a duly licensed attorney with offices, Defendant Law Office of Ernest B. Fenton, P.C., located at 18110 S. Dixie Highway, 1S, Homewood, IL 60430, County of Cook, State of Illinois. Defendant Legal Services, Inc. maintains an address registered with the Illinois Secretary of State at 15943 Sawyer Avenue, Markham, IL 60428. Defendant Fenton has registered as an attorney with an address listed as Law Office of Ernest B. Fenton, 935 W 175th St, 1S, Homewood, IL 60430-3235.

6.     On or about September 25, 2010, Tonya Davis consulted with Defendants in Defendant Fenton's office with regard to a mortgage foreclosure proceeding related to Tonya Davis's property located at 3521 E. 173rd Place, Lansing, Illinois 60438.

7.     At all relevant times, Defendant Fenton perpetrated his conduct below individually and/or by and through his agents, over whom one or more of the Defendants exerted operational control concerning the facts at bar.

8.     This matter involves Federal statutes, including the Fair Housing Act and Civil Rights Act. This is an action for violation of 42 U.S.C. §3601 *et seq*. (Fair Housing Act), and 42

2

U. S. C. §§ 1981, 1982 (Civil Rights Act of 1866). This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal question).

9.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391 because each Defendant is an individual or corporation subject to personal jurisdiction this district.

**SUBSTANTIVE ALLEGATIONS**

10.     Tonya Davis is African-American and her race is African-American.

11.     On or about September 25, 2010, Tonya Davis, consulted with Defendant Fenton and Defendants PC and Legal Services, in Defendant Fenton's office, about a mortgage foreclosure proceeding related to Tonya Davis's residential property located at 3521 East 173rd Place, Lansing, Illinois 60438. This was a transaction directly related to Tonya Davis's ownership of and residence in housing.

12.     Following a full discussion of the facts and circumstances regarding Tonya Davis's defenses to foreclosure, Tonya Davis was advised by one or more of the Defendants that she had good and complete defenses to the mortgage foreclosure action on the merits.

13.     The scope and representation to be provided by one or more of the Defendants to Tonya Davis was as follows, non-exhaustively, according to the retainer agreement attached to this complaint as **Exhibit A:**

    a.  Initial consultation and Information Gathering

    b.  Consult with Tonya Davis regarding the foreclosure process

    c.  review foreclosure complaint or obtain loan status report review loan
        documents, HUD, etc.

    d.  provide a written analysis or assessment of case issues

e.   advise and negotiate resolution with mortgagee forbearance/ work out plan reinstatement deed in lieu

f.   provide legal representation. assert defenses in Court; redemption with private funding sources open market sale; closed sale; sale-leaseback

g.   the services provided at any given time to be determined by various factors to include:

h.   Ultimately, Defendants were to provide Tonya Davis with a perspective of the options available to her after carefully reviewing her case and all related information. Thereafter, Defendants were to advise the best course of action given the circumstances related to the property, Tonya Davis' resources, and what is most prudent based upon Defendants' experience. Defendants were to take reasonable steps to keep Tonya Davis informed of progress and to respond to Tonya Davis' inquiries.

14.   On or about September 25, 2010, Defendant PC was retained by Tonya Davis, at which time Defendant requested and received Tonya Davis' signature on a retainer agreement providing for representation set forth above.

15.   As a result of the aforementioned, an attorney-client relationship was created between Tonya Davis and Defendant PC as of September 25, 2010, in which the Defendant PC was to represent Tonya Davis, in a mortgage foreclosure action, case 2008 CH 12032 in the Circuit Court of Cook County, Illinois.

16.   As a result of the aforementioned, Defendant PC and Defendant Fenton owed Tonya Davis the fiduciary duties including, but not limited to, care, loyalty, and disclosure.

4

17.     As a result of the aforementioned attorney-client relationship, Defendant PC and Defendant Fenton had a duty to represent Plaintiff, Tonya Davis, with the reasonable care, skill, and diligence as ordinarily possessed and exercised by other attorneys in the community.

18.     Rather than filing a Motion to Withdraw a previously-filed skeleton answer and a Motion to Vacate a Judgment of Foreclosure and Sale, an interlocutory order in Illinois mortgage foreclosure law, Defendant PC filed its appearance on or about November 1, 2010 and filed nothing else on Ms. Davis' behalf for almost one year.

19.     After being hired, Defendants filed no Answer or other substantive pleadings. An order was entered on an Emergency motion to stay sale on October 4, 2011, staying the sale through November 4, 2011. Defendants subsequently filed another motion to stay sale on November, 2011, which was ordered denied as moot on November 18, 2011, as the bank stayed the sale on its own accord.

20.     Approximately one year after being hired, Defendants presented an Emergency Motion to Stay Sale that was granted for one month. A judgment of foreclosure and sale had already been entered on January, 2011. No Motion to Vacate, Motion to Withdraw Answer, or Motion to Extend Time to Answer or Otherwise Plead was filed by Defendants.

21.     During the course of Defendants' representation of Plaintiffs, Tonya Davis, Defendant, Ernest Fenton, rendered the following services from September 2010 through November 2011:

        a.  Entered an Appearance on Plaintiff, Tonya Davis's, behalf on November 1, 2010;

        b.  Filed an Emergency  Motion to Stay Sale during October 2011;

        c.  Filed a second Emergency Motion to Stay Sale on or about November, 2011 which was denied as moot.

Rendered no services for months other than those listed above

22.     As a direct and proximate cause of Defendant's failure to act on behalf of Tonya Davis, a final judgment, an Order Confirming Sale and Possession, was entered, depriving Tonya Davis of legal title to her home and causing her to face eviction.

23.     That at no time during the course of Defendants' representation of Plaintiff, Tonya Davis, did Defendants inform Plaintiff, Tonya Davis, in a writing sufficient to apprise her of her options, of the following alternatives to the litigation or within the litigation:

      a.   Mediation;

      b.   Principal Reduction/Modification;

      c.   Debt Negotiation;

      d.   Sale of the Property/Short Sale; or

      e.   Reopening proceedings through a Motion to Vacate or similar motion.

24.     That Defendants' failure to inform Tonya Davis of one or more of the foregoing alternatives to the or within the litigation was an omission or failure to exercise reasonable care, skill and diligence as ordinarily possessed and exercised by other attorneys in the community for one or more of the following reasons:

      a.   It resulted in an improper limitation of scope of services without advising client of alternatives pursuant to the Illinois Rule of Professional Conduct 1.2;

      b.   It constituted failure to act as advisor and retain additional professionals as necessary to evaluate Plaintiff, Tonya Davis's options, pursuant to Illinois Rule of Professional Conduct 2.1(4);

      c.   It constituted failure to offer advice regarding alternate courses of action pursuant to Illinois Rule of Professional Conduct 2.1(5).

25. That Defendants' failure to do one or more of the following was a breach of Defendants' duty to exercise reasonable care, skill and diligence:

a. Failure to act as advisor and retain additional professionals as necessary to evaluate Plaintiff's, Tonya Davis's options, pursuant to Illinois Rule of Professional Conduct 2.1(4);

b. failure to offer advice regarding alternate courses of action pursuant to Illinois Rule of Professional Conduct 2.1(5).

26. Defendants did not contact the foreclosure Plaintiff's law firm, Codilis & Associates, P.C. in a timely manner to inquire about a workout, loss mitigation, or loan modification.

27. Defendants did not clearly explain to Tonya Davis the meaning of the entry of the Order Confirming Sale and Possession, namely that she could be evicted from her residence.

28. At all relevant times, Defendants discriminatorily recruited clients on the basis of race and national origin, namely African-American people, by advertising in that is designed to target African-Americans. In particular, this includes soliciting of referrals from the South Suburban NAACP, Trinity United Church of Christ, and other organizations respected by the African-American community. In addition, Defendant Fenton advertises through a radio show on WVON, a radio station popular in the African-American community.

29. At all relevant times, Defendants charged a set monthly fee whether any service were rendered or what services were rendered and a late fee if payment was not made on time.

30. Defendants failed to exercise reasonable care in fulfilling the retainer agreement for one or more of the following reasons:

a. Failure to timely review the complaint and respond to summary judgment and orders of possession;

b. failure to timely obtain Loan Status Report;

c. failure to timely review Loan Documents for defenses;

d. failure to timely seek a HUD loan modification;

e. failure to advise as to obtaining a resolution with Mortgagee;

f. failure to initiate or undertake negotiations with Mortgagee to seek a resolution through forbearance or a work out plan, reinstatement, or deed in lieu;

g. failure to assert defenses in court in a timely manner;

h. failure to seek leave to file an answer to the complaint;

i. failure to seek leave to file a response to summary judgment;

j. failure to file a meaningful response to the order approving sale;

k. failure to discuss alternatives of selling the property;

l. failure to provide any written analysis or assessment of case issues including the following:

    i. Whether the interest rate of 10.25% or other circumstances surrounding the mortgage transaction indicated any predatory lending practice;

    ii. whether service of process was appropriate and effect of inappropriate service of process, if any;

    iii. effect of the skeletal answer filed *pro se* on April 29, 2008;

    iv. seeking leave to amend the answer or file a new answer;

v. the effect of the summary judgment order obtained on September 8, 2008;

vi. the effect of the judgment of foreclosure and sale entered on September 10, 2008;

vii. the sufficiency of the prove up materials filed by Plaintiff Mortgagee on September 10, 2008;

viii. the effect of the notice of sale for December 12, 2008;

ix. the effect of the notice of sale for August 28, 2009;

x. the effect of the notice of sale for May 1, 2009

xi. the effect of the case being stricken from the call on July 13, 2009;

xii. the effect of the case being stricken from the call on September 28, 2010;

m. failure to take any action for over a year from the date they were retained;

n. failure to file a notice of appearance or investigate the file after being retained on September 25, 2010, which failure caused them not to receive notice on October 14, 2010, of the hearing on October 27, 2010, regarding the motion for order approving sale of the property.

o. failure to advise as to effect of the order approving sale entered on October 27, 2010, approximately one month after Defendant PC was retained by Tonya Davis.

p. Failure to discuss the effect of the motion for order approving report of sale and distribution filed on July 21, 2010, and file an appropriate response;

q. Failure to advise as to sale scheduled for August 16, 2010, and take an appropriate response;

r. Failure to file appropriate pleadings to respond to the Motion Seeking Approval of Order for Sale filed by January 5, 2011, resulting in the entry of a judgment on the motion seeking approval of order for sale on January 19, 2011.

31. As a direct and proximate result of the Defendant PC, Defendant Legal Services, and Defendant Fenton's, breach of duty to the Plaintiff, Tonya Davis, the Plaintiff, Tonya Davis, sustained and incurred monetary damages and loss as follows:

a. loss of equity in her home which could have been saved by following one or more of the alternatives to litigation set forth above;

b. attorney fees and late fees paid for months in where no services were rendered; and

c. attorney fees and late fees paid in months where services were rendered but were incompetent.

32. That the aforementioned monetary damages and loss would not have been sustained by the Plaintiff, Tonya Davis, but for the Defendant PC, Defendant Legal Services, and Defendant Fenton's negligence.

33. That the damages sustained by Plaintiff, Tonya Davis, were proximately caused by the Defendant PC's, Defendant Legal Services', and Defendant Fenton's, breach of duty as hereinbefore set forth in detail without any negligence contributing thereto on the part of Plaintiff, Tonya Davis.

34. That solely by reason of the foregoing negligence of the Defendant PC, Defendant

Legal Services, and Defendant Fenton, Plaintiff, Tonya Davis, has been damaged in an amount to be determined at trial, plus the costs and disbursements of this suit herein, and attorney fees.

## CAUSES OF ACTION

35.     Tonya Davis bring each of the following causes of action individually and in the alternative as required by applicable facts or law.

### Count I – Fair Housing Act and Fair Housing Amendments Act – 42 U.S.C. §3601 *et seq*.)

36.     Tonya Davis incorporates each and every preceding paragraph stated above, inclusively, as though the same were fully set forth herein.

37.     The Fair Housing Act, 42 U.S.C. §3601 *et seq*., was first enacted in 1968 to prohibit discrimination in connection with real estate transactions, including home purchases and refinancing. The Act has been broadly construed by the courts to make effective its provisions to protect consumers. The Act includes race as a basis for illegal discrimination.

38.     Under 42 U.S.C. 3604(b), it is illegal to discriminate in services related to sales or rentals of dwellings. This is broadly construed to include services like mortgage loans and homeowners insurance. Under the same section, race is one of the protected classes. Under 42 U.S.C. 3604(c), it is illegal to:

> To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

39.     Further, 42 U.S.C. 3605 prohibits discrimination by persons or other entities whose business includes engaging in residential real estate-related transactions.

40.     Defendant PC, Defendant Legal Services, and Defendant Fenton targeted Tonya

Davis for inferior, substandard services because of her race, African-American. They relied on her race to induce trust and to prevent her from ascertaining the services were inferior, incompetent, and even non-existent.

41. Defendants invidiously told Tonya Davis they were representing her in Court when, in fact, they were not filing any pleadings reasonably calculated to save Tonya Davis's home, and they relied upon her trusting them based on their invidious targeting of the African-American population to prevent her from finding out they were not representing her.

42. In addition or in the alternative, Defendants engage in advertising in that is designed to target African-Americans. In particular, this includes soliciting of referrals from the South Suburban NAACP, Trinity United Church of Christ, and other organizations respected by the African-American community. In addition, Defendant Fenton advertises through a radio show on WVON, a radio station popular in the African-American community. By the actions described above, Defendants have violated 42 U.S.C. §§3601, 3604, and 3605.

43. Tonya Davis was a defendant in a foreclosure lawsuit where a competent attorney would have filed a Motion to Vacate, filed an Answer or other pleading, issued discovery, timely investigated personal jurisdiction, and taken other actions. A competent attorney would have referred Tonya Davis to a HUD-Certified Housing Counseling Agency for free help with a loan modification application. Instead of referring Tonya Davis to a HUD-Certified Housing Counseling Agency, Defendants charged Tonya Davis a separate fee for attempting to obtain a modification in November, 2011, approximately nine months after an Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession was entered on January 19, 2011. Tonya Davis was entitled to participate in the defense of her case with a competent

attorney and similarly-situated foreclosure defendants whose race is white and who receive these services.

44.     Tonya Davis fell prey to Defendants because of his advertising targeting people whose race is African-American.

45.     Defendants' discriminatory actions, as set forth above, have caused Tonya Davis to lose title to her residential home.

46.     Treating Tonya Davis differently in mortgage lending and loan modification decisions based on her race violates the Fair Housing Act. As a proximate result of Defendants' systematic violation of this Act, Tonya Davis is entitled to the relief requested herein.

## COUNT II: VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U. S. C. §§ 1981, 1982

47.     Tonya Davis restates and realleges the preceding paragraphs one through 35, 40, 41, and 43 through 45.

48.     42 U. S. C. § 1982 provides, in pertinent part:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

49.     42 U. S. C. § 1981 provides, in pertinent part:

"(a) Statement of equal rights
"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

"(b) "Make and enforce contracts" defined
"For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

"(c) Protection against impairment

"The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law."

50.     As set forth more fully above, Defendants' actions denied Tonya Davis of her rights to hold real property based solely on her African-American race. Further, Defendants illegally offered Tonya Davis a contract that was different in its performance, making, and conditions from contracts offered to white citizens based solely on Tonya Davis's race.

WHEREFORE, Plaintiff, Tonya Davis, demands judgment against the Defendants for:

a.     Actual damages in a sum to be determined at trial ;

b.     Return of all fees paid to Defendants for months wherein no services were rendered, approximately $6,000.00;

c.     The costs of the underlying mortgage foreclosure action born by Plaintiff;

d.     The cost of the suit and attorneys fees incurred herein;

e.     Pain and suffering;

f.     Punitive damages; and

g.     For such other and further relief as this court may deem just and proper.

## COUNT III: ATTORNEY MALPRACTICE

51.     Tonya Davis restates and realleges the preceding paragraphs one through 35, 40, 41, and 43 through 45.

52.     Tonya Davis is and was at all times relevant an adult under no legal disability.

53.     Defendants at all relevant times owed Tonya Davis a duty of care arising from their attorney-client  relationship.

54.     Tonya Davis first contacted Defendants in October 2010.

55.     Defendants did not file any appearance until November 1, 2010.

14

56.     Defendant Fenton filed an appearance one day before the deadline to do so according to a scheduling order on case heard on default call issued on October 27, 2010, to respond to an order approving sale, which motion in response was due on or before November 17, 2010 at 1:00 p.m.

57.     Defendants did not file any response to summary judgment.

58.     Defendants brought a second emergency motion to stay sale which was denied as moot on November 18, 2011, as Plaintiff stayed the sale on its own accord.

59.     The court file does not contain any substantive pleadings filed by Defendants to reopen the proceedings, vacate a previously filed answer, or seek leave to answer or otherwise plead. In sum, no substantive action calculated to assert any meaningful defense was undertaken by Defendants during the course of their representation of Tonya Davis. Instead, Defendants took no action although multiple dispositive pleadings and orders approving sale were sought from the time Tonya Davis first spoke with Defendant Fenton, Defendant PC, and Defendant Legal Services until the emergency motions were filed far after the sale was approved by the Court.

60.     Defendants breached their fiduciary duty as set forth  more fully above.

61.     Tonya Davis suffered actual damages in the form of loss of all equity in her home, attorney fees expended for no meaningful representation, court costs incurred without meaningful participation in the case, mental anguish and medical costs, and expenditure of costs and fees for bringing this lawsuit.

62. Tonya Davis's damages were directly and proximately caused by one or more of Defendants' breach.

WHEREFORE, Plaintiff, Tonya Davis, demands judgment against the Defendants for:

a.     Actual damages in a sum to be determined at trial ;

b.     Return of all fees paid to Defendants for months wherein no services were rendered, at least approximately $6,000.00;

c.     The costs of the underlying mortgage foreclosure action born by Plaintiff;

d.     The cost of the suit and attorneys fees incurred herein;

e.     Pain and suffering; and

f.     For such other and further relief as this court may deem just and proper.

## COUNT IV: BREACH OF CONTRACT

63.     That the Plaintiff is and was at all times relevant an adult under no legal disability.

64.     That the Plaintiff, Tonya Davis, resides in the County of Cook, state of Illinois.

65.     That the Defendant, Ernest Fenton, is licensed to practice law in the state of Illinois.

66.     That on or about September 25, 2010, Defendant, Ernest Fenton, held himself out to the public in general, and the Plaintiff herein in particular, as a duly licensed attorney with offices located at 18110 S. Dixie Highway, 1S, Homewood, IL 60430, County of Cook, State of Illinois, County of Cook, State of Illinois.

67.     That on or about September 29, 2010, Plaintiff, Tonya Davis, consulted with Defendant, Ernest Fenton, in the Defendant's office, with regard to a mortgage foreclosure proceeding related to Plaintiff's property located at 3521 E. 173rd Place, Lansing, Illinois 60438.

68.     That following a full discussion of the facts and circumstances regarding her defense, the Plaintiff herein was advised by Defendant, Ernest Fenton, that the said defense was a good and complete defense to the action on the merits.

69.     That the scope of representation to be provided by Defendant, Ernest Fenton, was as follows according to the retainer agreement attached to this complaint:

a.   Initial consultation and Information Gathering

b.   Consult with Tonya Davis regarding the foreclosure process

c.   review foreclosure complaint or obtain loan status report review loan documents, HUD, etc.

d.   provide a written analysis or assessment of case issues

e.   advise and negotiate resolution with mortgagee forbearance/ work out plan reinstatement deed in lieu

f.   provide legal representation. assert defenses in Court; redemption with private funding sources open market sale; closed sale; sale-leaseback

g.   the services provided at any given time to be determined by various factors to include:

h.   Ultimately, Defendant was to provide Tonya Davis with a perspective of the options available to her after carefully reviewing her case and all related information. thereafter, Defendant was to advise the best course of action given the circumstances related to the property, Tonya Davis' resources, and what is most prudent based upon Defendant's experience. Defendant was to take reasonable steps to keep Tonya Davis informed of progress and to respond to Tonya Davis' inquiries.

70.     That on or about September 25, 2010, Defendant Fenton was formally retained by Plaintiff, Tonya Davis, at which time Defendant Fenton, requested and received Plaintiff's

signature on a retainer agreement providing representation as detailed in the preceding paragraph. A copy of the retainer agreement is attached hereto as **Exhibit A**.

71.    That this retainer agreement is valid and enforceable between Plaintiff and Defendant.

72.    That Plaintiff paid a total of at least $6,000.00  pursuant to the retainer agreement.

73.    That Plaintiff, Tonya Davis, paid Defendant, Ernest Fenton, the aforementioned fees for several months when Defendant, Ernest Fenton, performed no work on Plaintiff's, Tonya Davis, case.

74.    That the only services rendered by Defendant was the filing of two emergency motions for stay of sale during or about October and November 2011.

75.    Defendant failed to fulfill the retainer agreement for one or more of the following reasons:

      i.   Failure to timely review the complaint and respond to summary judgment and orders of possession;

      j.   failure to timely obtain Loan Status Report;

      k.   failure to timely review Loan Documents for defenses;

      l.   failure to timely seek a HUD loan modification;

      m.  failure to advise as to obtaining a resolution with Mortgagee;

      n.   failure to initiate or undertake negotiations with Mortgagee to seek a resolution through forbearance or a work out plan, reinstatement, or deed in lieu;

      o.   failure to assert defenses in court in a timely manner;

      p.   failure to seek leave to file an answer to the complaint;

      q.   failure to seek leave to file a response to summary judgment;

r.   failure to file a meaningful response to the order approving sale;

s.   failure to discuss alternatives of selling the property;

t.   failure to provide any written analysis or assessment of case issues including the following:

    i.   Whether the interest rate of 10.25% or other circumstances surrounding the mortgage transaction indicated any predatory lending practice;

    ii.   whether service of process was appropriate and effect of inappropriate service of process, if any;

    iii.   effect of the skeletal answer filed pro se on April 29, 2008;

    iv.   seeking leave to amend the answer or file a new answer;

    v.   the effect of the summary judgment order obtained on September 8, 2008;

    vi.   the effect of the judgment of foreclosure and sale entered on September 10, 2008;

    vii.   the sufficiency of the prove up materials filed by Plaintiff Mortgagee on September 10, 2008;

    viii.   the effect of the notice of sale for December 12, 2008;

    ix.   the effect of the notice of sale for August 28, 2009;

    x.   the effect of the notice of sale for May 1, 2009

    xi.   the effect of the case being stricken from the call on July 13, 2009;

    xii.   the effect of the case being stricken from the call on September 28, 2010;

u.   failure to take any action for over a year from the date they were retained;

v.   failure to file a notice of appearance or investigate the file after being retained on September 25, 2010, which failure caused them not to receive notice on October

14, 2010 of the hearing on October 27, 2010, regarding the motion for order approving sale of the property.

w. failure to advise as to effect of the order approving sale entered on October 27, 2010, approximately one month after Defendant PC was retained by Tonya Davis.

x. Failure to discuss the effect of the motion for order approving report of sale and distribution filed on July 21, 2010 and file an appropriate response;

y. Failure to advise as to sale scheduled for August 16, 2010 and take an appropriate response;

z. Failure to file appropriate pleadings to respond to the Motion Seeking Approval of Order for Sale filed by January 5, 2011, resulting in the entry of a judgment on the motion seeking approval of order for sale on January 19, 2011.

76. One or more of the abovementioned failures constitute one or more breaches of the agreement.

77. As a proximate result of one or more of the aforementioned acts or omissions , that Plaintiff suffered certain losses including at least $6,000.00 and attorneys fees to recover that money.

WHEREFORE, Plaintiff, Tonya Davis, demands judgment against the Defendant, Ernest Fenton, for:

1. Actual damages in a sum to be determined at trial;

2. Return of all fees paid to Defendant for months wherein no services were rendered;

3. The costs of the underlying mortgage foreclosure action born by Plaintiff;

4. The cost of the suit incurred herein; and

5.      For such other and further relief as this court may deem just and proper

Respectfully submitted,

Tonya Davis

/s/Kelli Dudley

By: _____

Kelli Dudley, Attorney for Plaintiff, Tonya Davis

Kelli Dudley, The Law Office of Kelli Dudley
9130 S. Houston Ave., 1st Floor
Chicago, IL 60617-4319
Ph: 312-771-9770 Email: attorneykelli@sbcglobal.net
ID #40828