IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA DAVIS, | ) | Case No.: 13-cv-3224 |
|     Plaintiff, | ) | The Honorable Judge Ruben Castillo |
| | ) | |
| v. | ) | |
| | ) | |
| ERNEST FENTON; LAW OFFICE OF | ) | |
| ERNEST B. FENTON, P.C., and LEGAL | ) | |
| SERVICES, INC. | ) | |
|     Defendants. | ) | |

## PLAINTIFF TONYA DAVIS' STATUS REPORT

*NOTE: After several email attempts, all Plaintiff's counsel has been able to obtain from Defendant is an email at 3:30 p.m. Friday evening, 6/14/2013, telling her she could extrapolate his arguments from another pleading. Counsel responded that this was not appropriate; she could not reasonably represent Defendant's arguments from an extraneous document. She asked Defendant to place the arguments in the joint status report by the close of business that day and received no response.*

### A. Nature of the Case

-  The basis for jurisdiction is Federal Question (28 U.S.C. §1331). This matter involves Federal statutes, including the Fair Housing Act and Civil Rights Act. This is an action for violation of 42 U.S.C. §3601 *et seq.* (Fair Housing Act), and 42 U. S. C. §§ 1981, 1982 (Civil Rights Act of 1866).

- **The nature of the claims** in this case includes violation of the Fair Housing Act (FHA). Plaintiff alleges Defendant unfairly targeted people for unscrupulous practices related to housing because of race. Namely, Defendant advertised on radio stations calculated to garner an African-American listenership and approached for referrals community organizations serving the African-American community.

Defendant accepted money from Plaintiff to defend her foreclosure and did nothing for at least a year, resulting in the home being lost. Pleadings, when filed at all, were not a reflection of competent mortgage foreclosure defense. This gives rise to claims for attorney malpractice (breach of fiduciary duty), breach of contract and statutory fraud.

- **Relief sought** by Plaintiff is still being investigated. However, Plaintiff claims at least $6,000.00 in attorney fees paid to Defendant. She demands at least $18,000.00 due to the breach of fiduciary duty. In addition, she was harmed by loss of her home, an item that is infungible; no amount could make Plaintiff whole. Several methods of evaluating this loss are under consideration, including the expectation value placed on

continued enjoyment of the home, the "fair market value" as constructively represented by the bid at the judicial sale, broker's price opinion, and others. The FHA allows for a broad array of relief, including actual, punitive, and compensatory damages; attorney fees; and other relief. Based on loss of the home and lost attorney fees with treble damages under the Consumer Fraud Act; actual damages under the Fair Housing Act including items like loss of her home, expectation damages in the home, and attorney fees paid to Defendant; emotional distress under the FHA; punitive damages; and costs and fees, Ms. Davis demands $200,000.00 to settle the case at this time.

- **Names of any parties that have not been served**: None.

- **Major legal issues**: Most of the legal issues in this case are governed by established case law. See citations to key authorities.

- **Major factual issues**: The primary factual issue in this case is the financial recovery necessary to make someone whole after their residential home is lost. This is a non-fungible item not easily replaced by money.

- **Citations to key authorities:**

The Fair Housing Act offers broad relief and a claim can be stated for violation of the Act in provision of services related to housing, not just sale or rental of the dwelling: *NAACP v. American Family Mutual Ins. Co.*, 978 F.2d 287 (7th Cir. 1992).

Damages are available for breach of fiduciary duty or legal malpractice. Damages may not be merely speculative, but do not have to be certain to state a cause of action: "Damages are considered to be speculative, however, only if their existence itself is uncertain, not if the amount is uncertain or yet to be fully determined." *Id.* (citing *Profit Mgmt. Dev., Inc. v. Jacobson, Brandvik & Anderson, Ltd.*, 309 Ill. App. 3d 289, 309, 721 N.E.2d 826, 842 (1999)). *Cited with approval, Certain Underwriters at Lloyd's v. Johnson & Bell* (N.D.Ill. 5-24-2011).

Defense-type legal malpractice damages differ from Plaintiff's-type malpractice damages: "[W]here an attorney has been engaged to defend an action and the action is lost through the attorney's negligence, the amount of the judgment suffered by the client is, generally, a proper element of recovery in a malpractice proceeding against the attorney." *Northern Illinois Emergency Physicians*, 216 Ill. 2d at 307. As an example of the application of the general rule, the court cited *Gruse v. Belline*, 138 Ill. App. 3d-689, 486 N.E.2d 398 (1985). *Fox v. Seiden,* 382 Ill. App.3d 288, 887 N.E.2d 736 (2008).

**B. Draft Scheduling Order**

- a. Discovery may be needed on the following subjects:

Circumstances surrounding Plaintiff's employment of and payment of Defendant. Defendant's advertising and outreach in the community.

What steps Defendant took on Plaintiff's behalf in litigation of the foreclosure case. Composition of those who retain Defendant.

b. Disclosures pursuant to FED. R. CIV. P. 26(a)(1) to be made by August 15, 2013. All discovery to be commenced in time to be completed by December 15, 2013.

c. The Plaintiff expects they may need approximately three depositions.

d. Reports from retained experts under Rule 26(a)(2) due:
from plaintiff(s) by December 31, 2013.
from defendant(s) by January 5, 2014.

e. Parties should be allowed until January 10, 2014, to join additional parties and to amend the pleadings.

f. All potentially dispositive motions should be filed by January 21, 2014.

g. Final pretrial order: Plaintiff to prepare proposed draft by February 15, 2014; parties to file joint final pretrial order by February 25, 2014.

h. The case should be ready for trial by March 10, 2014, and at this time is expected to take approximately 2 days.

## C. Trial Status

- A jury has been requested.

- Trial is expected to last two days.

## D. Consent to Proceed Before a Magistrate Judge

Plaintiff consents to proceed before a magistrate judge.

## E. Settlement Status

No settlement discussions have been held. Plaintiff is amenable to settlement and is working on obtaining settlement authority. Plaintiff has broached the subject of possible settlement with Defendant. Defendant disputes all claims.

Date:  June 15, 2013
_/s/Kelli Dudley
Kelli Dudley
9130 South Houston, LL
Chicago, Illinois  60617
312-771-9770, attorneykelli@sbcglobal.net