IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONYA DAVIS ) | |
| ) | |
| Plaintiff, ) | 13-CV-3224 |
| ) | |
| v. ) | Hon. Ruben Castillo |
| ) | |
| ERNEST B. FENTON, LAW OFFICES ) | |
| OF ERNEST B. FENTON, P.C., AND ) | |
| LEGAL SERVICES, INC. ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' MOTION FOR SANCTIONS

COME NOW Defendants Ernest B. Fenton, Law Office of Ernst B Fenton, P.C.; and Legal Services, Inc.; by and through counsel, and in support of their Motion for Sanctions shows the Court as follows:

I. INTRODUCTION

On February 7, 2014, Chief Judge Ruben Castillo entered an Order in this case granting Defendants' motion to stay this action pending arbitration. On May 12, 2014, Plaintiff Tonya Davis by and through her counsel Robert Newman, filed a Motion to reopen case that was heard on May 20, 2014. The court instructed Defendants to pay the $200.00 filing. The court also instructed the parties to advance or move forward this arbitration. This motion was continued to June 17, 2014. On June 17, 2014 Plaintiff's motion was continued to June 26, 2014. On June 18, 2014, Plaintiff Tonya Davis by and thru her counsel, Robert Brand Newman, filed a Motion to Reinstate Case to be heard on June 26, 2014. On June 23, 2014, Plaintiff filed another Motion to Stay Arbitration to be heard on June 26, 2014 (See Attached Exhibit A).

II. <u>LEGAL STANDARD</u>

A. <u>Federal Rule of Civil Procedure 11</u>

Rule 11 allows the court to impose an appropriate sanction on any attorney…or party that has presented a document to the court for any improper purpose, such as harassing the opposing party or causing unnecessary delay. *Fed. R. Civ. P. 11(c)(1)*. The rule is intended to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them. *Lumpkin v. Cook County Public Defender*, 2013 U.S. Dist. LEXIS 85707 (N.D. Ill. June 18, 2013) (Gottschall J.), *citing Allison v. Dugan*, 951 F.2d 828, 834 (7th Cir. 1992). Specifically, a court may impose Rule 11 sanctions for arguments that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose. *Smart Options v. Jump Rope, Inc.*, 2013 U.S. Dist. LEXIS 17743 (N.D. Ill. February 11, 2013 (St. Eve, A).

The central goal of Rule 11 is to deter abusive litigation practices. *Reed v. Lincare, Inc.*, 2012 U.S. Dist. LEXIS 167160 (E.D. Wis. November 21, 2012). *Affirmed on Appeal; Reed v. Lincare, Inc.*, 2013 U.S. App. LEXIS 15451 (7th Cir. July 30, 2013). The test of Rule 11 is objective. *Reed* at *24. The district court enjoys broad discretion in setting a sanction award it believes will serve the deterrent purpose of Rule 11 and may direct the offending party to pay the other party's reasonable attorney's fees." *Reed* at *24 *citing Duvane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003); *Fries v. Helsper*, 146 F.3d 452, 459 (7th Cir. 1998).

B. 28 U.S.C. 1927

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. 28 U.S.C. 1927.

"A court has discretion to impose 1927 sanctions when an attorney has acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; pursued a claim that is without plausible legal or factual basis and lacking in justification; or pursued a path that a reasonably careful attorney would have known after appropriate inquiry to be unsound." *Hollander v. Bauknight,* 2013 U.S. Dist. LEXIS 107938, at *2 (N.D. Ill. August 1, 2013)(Reinhard, P.). In order to impose sanctions under 1927, a court may impose sanctions only upon a finding of bad faith. Bad faith has been defined as extreme negligence, serious and studied disregard for the orderly process of justice, pursuit of claims without plausible factual or legal bases, or conduct that a reasonably careful attorney would know to b e unsound. *Id. AT *4* citing *Olson v. Reynolds,* 484 Fed. Appx. 61 (7th Cir. 2012).

C. Inherent Authority

The inherent powers of federal courts are those that are "necessary to the exercise of all others," and include the "well-acknowledged inherent power…to levy sanctions in response to abusive litigation practices" *Roadway Express v. Piper,* 447 U.S. 752, 764-765 (1980). Sanctions under a court's authority are appropriate if the court finds "that fraud has been practiced upon it, or that the very temple of justice has been

defiled." *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 580 (1946). "Contumacious conduct merits strong sanctions, and when the court uses its inherent power to root out contumacious conduct, no showing of willfulness, bad faith, or even prejudice is required." *Illiana Surgery & Med. Ctr., LLC v. Hartford Fire Ins. Co.,* 2013 U.S. Dist. LEXIS 70153 at *10-11 (N.D. Ind. 2013).

Sanctions under the Court's inherent authority go beyond a court's equitable concerns regarding the relationships and equities between the parties, and go directly to a court's ability to police itself, thereby serving two distinct purposes: "vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponents obstinacy." *Id.* In fact, the most common use of inherent powers sanctioning authority is a sanction administered "to protect the due and orderly administration of justice" and "maintain the authority and dignity of the court." *Cooke v. United States,* 267 U.S. 517, 539 (1925).

III. ARGUMENT

Plaintiff Tonya Davis and her attorneys, Kelli A. Dudley, Andrew V. Sidea, and Robert Brand Newman, have blazed a trail of sanctionable conduct since Chief Judge Ruben Castillo entered an order staying this action pending arbitration on February 7, 2014. Plaintiff, by and thru her counsel, Robert Newman, filed a motion to reopen the case on May 12, 2014 based on Defendants not paying the requisite filing fees to the American Arbitration Association. Plaintiff did not provide any case law or statute that would allow the court to reopen the case. Defendants' receipt of Plaintiff's Motion was the first time that Defendants received any notice regarding the requisite filing fee. Although the Plaintiff's attorneys had knowledge of the correct

contact information (telephone, email, address) for attorneys of record, the Plaintiff purposely mislead the American Arbitration Association by providing erroneous contact information for defense counsel to the American Arbitration Association. Defendants mailed the requisite fee of $3,000.00 on the same day that the Motion to reopen case was filed on May 12, 2014. Plaintiff's Motion to Reopen was first heard on May 20, 2014. The court instructed Defendants to pay $200.00 for the other party's fee. Subsequently Defendants sent the payment in compliance with the court order. The motion was continued to June 17, 2014 for status of arbitration progress. On June 17, 2014, Plaintiff's Motion to Reopen was continued to June 26, 2014 for a status of progress of the arbitration case.

On June 17, 2014, Plaintiff's counsel Robert Brand Newman informed Mr. Coppola, American Arbitration Association's case manager for the subject arbitration case, not to proceed with Arbitration in direct conflict with the court's direction to the parties to proceed with arbitration (See Attached Exhibit B). On June 18, 2014, Mr. Coppola postponed the Arbitration, because of Mr. Newman's correspondence (See Attached Exhibit C). On June 18, 2014, Brandon Loggins, one of Defendants' attorneys, sent an email to Derek Coppola, case manager for the American Arbitration Association, requesting that the arbitration proceed in accordance with the court's direction (See Attached Exhibit D). On June 18, 2014, Mr. Derek Coppola sent an email to Mr. Loggins, one of Defendant's attorneys, informing him that the arbitration case would proceed (See Attached Exhibit E).

On June 18, 2014, Plaintiff by and thru her attorney, Robert Brand Newman, filed another Motion to Reopen Case based on Mrs. Dudley's inability to represent her client due to an injunction. Again, Plaintiff did not state any case law or statute to support her position. The injunction existed at the time Chief Judge Castillo stayed this matter pending arbitration.

Therefore the injunction should not be an issue at this point. Also the injunction does not pertain to Robert Brand Newman, one of plaintiff's attorneys. Plaintiff has Robert Brand Newman representing her as counsel. Defendants have not enforced the injunction against Mrs. Dudley preventing her from representing her client. This is a further attempt by Plaintiff to circumvent Chief Judge Ruben Castillo's order requiring arbitration.

On June 23, 2014, Plaintiff by and thru her counsel, Andrew V. Sidea filed another Motion to Stay the Arbitration proceeding due to Defendant's counsel motion in state court to modify the injunction (See Attached Exhibit F). Again, Plaintiff does not state any supporting case law or statute that would allow the court to stay the arbitration proceeding. Although the injunction does not impede Kelli Dudley's representation of Plaintiff nor impedes Plaintiff's ability to have reasonable representation in this matter, the Defendants are still willing to modify the injunction to clarify Plaintiff counsel's ability to represent her client at the arbitration hearing. This is another attempt by Plaintiff to circumvent Chief Judge Ruben's court order entered on February 7, 2014 and to delay the arbitration process.

IV.  CONCLUSION

Plaintiff, Tonya Davis, and her counsel, Kelli A. Dudley, Andrew V. Sidea and Robert Brand Newman attempted to circumvent the court's order staying the court proceeding pending arbitration by filing three motions with no legal basis stated in any of the motions. Prior to the first motion, Plaintiff and her counsel provided the wrong contact information for Defense counsel to the American Arbitration Association even though plaintiff's counsel has used different contact information to correspond with defense counsel previous to the order entered on February 7, 2014 staying this matter pending arbitration. Plaintiff's counsel's email to the American Arbitration Association instructing them not to proceed with the arbitration was an

action in direct conflict with the court's instructions. The sanction of dismissal of *Tonya Davis v. Ernest B Fenton, Law Office of Ernest B Fenton, P.C., and Legal Services, Inc., 13-CV-3229* under Rule 13 and the Court's inherent authority is appropriate. If the court is not inclined to impose dismissal as a sanction against Tony Davis and her counsel, Defendants respectfully request that the court order Plaintiff to pay all costs and attorneys' fees incurred because of their conduct with regard to the arbitration proceeding.

Respectfully submitted,

/s/ Brandon Loggins
Counsel for Defendants

The law Office of Ernest B. Fenton
935 W. 175th Street, 1st Floor
Homewood, IL 60430
T: (708) 991-7268
F: (312) 268-1123
Brandon.loggins@gmail.com
ARDC# 47687

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 25, 2014, he caused the foregoing to be filed with the court via its CM/ECF electronic filing system, thereby serving a copy on all parties of record.

/s/ Brandon Loggins