IN THE UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONYA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | 13-CV-3224 |
| | ) | |
| v. | ) | The Honorable Ruben Castillo |
| | ) | |
| ERNEST B. FENTON, LAW OFFICES OF | ) | |
| ERNEST B. FENTON, P.C., AND LEGAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO REINSTATE CASE, FOR CONFIRMATION AND JUDICIAL ENFORCEMENTOF AN AWARD OF THE AMERICAN ARBITRATION ASSOCIATION, AND TO ALLOW PLAINTIFF TONYA DAVIS' PREVIOUSLY-FILED FAIR HOUSING ACT CLAIM *INSTANTER***

Tonya Davis (Ms. Davis) is a former homeowner who lost her home after she hired Defendants to defend a mortgage foreclosure lawsuit against her. Ms. Davis filed the instant suit alleging violations of the Fair Housing Act (FHA), legal malpractice, and other state-law causes of action.

Upon Motion of Defendants, this Honorable Court compelled the parties to engage in arbitration. Shortly after granting Defendants' Motion to Compel Arbitration, this Honorable Court administratively dismissed the case. This Honorable Court expressly noted the dismissal was administrative and without prejudice and that the case was subject to full reinstatement upon the completion of the required arbitration. **Exhibit A**.

By and and through her attorneys, the Ms. Davis petitions this Honorable Court to reinstate her case and to confirm the Award of Arbitrator entered against the Defendants,

the LAW OFFICES OF EARNEST B. FENTON, P.C., and ERNEST B. FENTON, on February 3, 2015, and modified on March 25, 2015. Ms. Davis further petitions this Court to enter judgment in conformity with said Award, as modified. In support, of her motion, Ms. Davis states as follows:

**I.     MOTION TO REINSTATE CASE**

1.     This Honorable Court's dismissal of Ms. Davis' case was administrative, without prejudice, and subject to reinstatement upon completion of the required arbitration. **Exhibit A**.

2.     Ms. Davis has completed the required arbitration. An order in her favor was entered (**Exhibit B**) and subsequently modified (**Exhibit C**) upon motion of Defendants ERNEST B. FENTON AND the LAW OFFICES OF ERNEST B. FENTON, P.C.

3.     As set forth more fully above, Ms. Davis has fulfilled the conditions precedent to the reinstatement of her case.

**II.    MOTION TO CONFIRM AND ENFORCE ARBITRATION AWARD**

4.     Ms. Davis restates and realleges the preceding paragraphs one and two as if set forth in full herein.

5.     In moving this Honorable Court to stay the present case pending arbitration, Defendants relied upon the Federal Arbitration Act (FAA), 9 U.S.C. § 2. Defendants also relied upon assertions that this matter falls within Congressional authority because the transaction between Ms. Davis and Defendants was a transaction affecting commerce and because the lawsuit involved the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*. This reasoning is set forth in Defendants' Motion to Compel, of record in this matter.

6. The AAA decision, does, in fact, include a decision regarding the FHA. **Exhibit A**.

7. Despite its assertion that the arbitration is a matter involving Federal authority, invoking this Honorable Court's power to compel arbitration, and failing to object in any way to Ms. Davis' case being filed in Federal court, Defendants have sought to have the AAA award vacated or modified in the Sixth Municipal District of the Circuit Court of Cook County, a court sitting in a small branch courthouse in Markham, Illinois.

8. As set forth above, this Honorable Court ordered arbitration take place by exercising its power under the FAA. The FAA includes a provision for this Honorable Court to confirm the arbitration award. 9 U.S.C. § 9.

9. This Court has supplemental jurisdiction out of state law claims under 28 U.S.C. § 3617 because the claims arise out of the same operative facts as the Federal claims.

10. There exists a statute of Illinois commonly known as the Illinois Uniform Arbitration Act ("the Act"), which is codified at 710 ILCS 5/1 *et seq*.

11. Pursuant to § 11 of the Act, "Upon application of a party, the court shall confirm an award . . . ." 710 ILCS 5/11.

12. Pursuant to § 14 of the Act, "Upon the granting of an order confirming, modifying or correcting an award, judgment shall be entered in conformity therewith and be enforced as any other judgment." 710 ILCS 5/14.

13. The making of an agreement described in Section 1 providing for arbitration in this State confers jurisdiction on the court to enforce the agreement under this Act and to enter judgment on an award thereunder." 710 ILCS 5/16.

14.     As set forth in Paragraph 7 above, Defendants have sought to use the courts, to vacate or modify the AAA award. Defendants filed a Complaint 91 days after the AAA award was modified and over 120 days after the original AAA decision was modified. **Exhibit C**.

15.     The arbitration proceedings and, ultimately, the entry of the Final Award were actions taken pursuant to a valid arbitration agreement. A copy of the agreement is attached as **Exhibit D** and incorporated by reference.

16.     As of the date of filing of the instant complaint, the defendants have failed to comply with the requirements of the Final Award. As of said date, the plaintiff is therefore owed the sum of $82,528.10 in money damages, plus interest thereon at the judgment rate.

**III.    MOTION TO ALLOW PREVIOUSLY-FILED FHA CLAIM INSTANTER**

17.     Ms. Davis restates and realleges the preceding paragraphs one and two as if set forth in full herein.

18.     Prior to the administrative dismissal without prejudice and subject to reinstatement of this lawsuit, Ms. Davis filed an additional FHA claim and a motion to allow her claim. **Exhibits E, F**.

19.     The administrative dismissal without prejudice and with leave to reinstate took place before Ms. Davis' Motion was allowed.

    WHEREFORE, Plaintiff Tonya Davis prays this Honorable Court:

A.     Reinstate the instant case;

B.     Enter an Order confirming the arbitration award and enforcing the award;

C.     Allow Ms. Davis' FHA claim *instanter*; and

4

5

D. Grant all other relief just and proper in the premises.

                                                        Respectfully submitted,

                                                        TONYA DAVIS

                                By:    /s/Kelli Dudley
                                       Kelli Dudley, One of Her Attorneys

Kelli A. Dudley
Law Office of Kelli Dudley
1658 Milwaukee, #100-8377
Chicago, Illinois 60647
(312) 771-9770
attorneykelli@sbcglobal.net

Paul Luka
Law Office of Paul Luka, P.C.
120 South State Street, Suite 400
Chicago, Illinois 60603
(312) 971-7309
paul@lukapc.com