## AMERICAN ARBITRATION ASSOCIATION
### Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Case Number: 51-20-1400-0351

Tonya Davis (Claimant)
-vs-
Law Office of Ernest B. Fenton PC and Ernest B. Fenton (Respondents)

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, do hereby, AWARD, as follows:

### Scope of Arbitration and Issues Decided

I. This arbitration took place pursuant to an arbitration award set forth in the Attorney-Client Engagement Letter executed by Tonya Davis ("Claimant") and Ernest B. Fenton ("Fenton"), on behalf of the Law Office of Ernest B. Fenton ("Law Office") (together, the "Respondents"). Prior to the Arbitration, Claimant filed a lawsuit in Court to pursue the claims in this arbitration, but the Court compelled the case to arbitration. The parties agreed that, because the Court had decided the arbitrability of the dispute, the issue was not before this arbitrator. Accordingly, this arbitrator has not ruled on this issue.

II. Count V of the Complaint was "withdrawn without prejudice" by Claimant prior to the commencement of the arbitration. At that time, the Respondent stated that if the claim were reasserted by Claimant, that Respondent would object to Claimant's ability to withdraw the claim in this forum without prejudice. Neither Count V, nor the issue of whether Count V could be withdrawn without prejudice was decided by this arbitrator.

### Background

In August 2010, when Claimant approached Respondents to represent her, Claimant's lender had obtained summary judgment to foreclose her home and a sale had taken place, but had not yet been approved by the Court. Respondents recommended seeking to vacate the sale and trying to convince the lender to agree to a loan modification, which would allow Claimant to keep her house. The lender did agree to vacate the sale, and loan modification applications were submitted to the lender.

In March 2011, the loan modification department of American Servicing ("ASC"), who was reviewing the loan modification application for the lender, notified Claimant that her loan modification was approved, subject to removal of a cloud that existed on the title to the property. R00403. Specifically, when the Claimant had refinanced in 2006, the "loan number" had been inserted as the "document number" on the "Satisfaction of Lien" document, creating a defect in the release of the prior mortgage loan. C00170. Claimant provided this information to Respondents on March 24, 2011. On March 25, 2011, the Law Office brought the issue to Fenton. R00404. Fenton sent the document and raised the issue with the lender, C00169. A "Mr. Smith" from the Law Office made one follow up phone call

AWARD OF ARBITRATOR CONTINUED
Tonya Davis -vs- Law Office of Ernest B. Fenton PC and Ernest B. Fenton
Case Number: 51-20-1400-0351

checking on whether the title issue had been resolved on March 31, 2011, but apparently got no response. R00405.

On April 4, 2011, Claimant received a "Special Forbearance Agreement" R00405. Testimony was heard that lenders often enter Special Forbearance Agreements as interim measures to ensure good faith by the borrower before entering a loan modification agreement. The Special Forbearance Agreement was not a substitute or final resolution. The intent remained to clear the title and to obtain the loan modification.

Claimant accepted the Forbearance on April 6, 2011 and began making payments. Claimant made payments under the Forbearance agreement for three months before defaulting.

From March 31, 2011 to November 28, 2011, although substantial other activity is reflected relating to updating and resubmitting documents relating to obtaining a loan modification, no notes appear in the file reflecting any activity to address the cloud on title. Valerie Edmonds ("Edmonds") of the Law Office, who became involved through this period testified that she first learned about the cloud on title on November 28, 2011, when ASC told her that they would not go forward with the loan modification because of the cloud on title. She noted this conversation in an email. R00414. After November 28, 2011, Edmonds makes various attempts to address the cloud on title, including investigating the identity of the original title company. Sale of Claimant's property was delayed during this time period. On February 21, 2012, Claimant's property sold. On May 5, 2012, Respondent withdrew as counsel for Claimant.

### Ruling

**Count I** (Violation of the Fair Housing Act and Fair Housing Amendments Act):
For the reasons set forth on the record, Count I is denied in its entirety.

**Count II** (Violation of the Civil Rights Act of 1866):
For the reasons set forth on the record, Count I is denied in its entirety.

**Count III** (Attorney Malpractice)

- A. For the reasons set forth on the record, Count III is denied in its entirety as against Legal Services, Inc.

- B. For the following reasons, award is entered in favor of Claimant and against the Law Office and Fenton:

    - a. To prove a claim for Legal Malpractice in Illinois, a Claimant must prove: (1) the existence of an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause; and (4) damages. *E.g., Paulsen v. Cochran*, 356 Ill. App. 3d 354, 358, 826 N.E.2d 526, 530 (2005)

    - b. Based upon the evidence, I find that both the Law Office and Fenton were in an attorney-client relationship with Claimant and owed a duty to Claimant.

AWARD OF ARBITRATOR CONTINUED
Tonya Davis -vs- Law Office of Ernest B. Fenton PC and Ernest B. Fenton
Case Number: 51-20-1400-0351

c. Under the law, an attorney is expected to possess and use the knowledge, skill, and care ordinarily used by a reasonably careful attorney. The failure to do something that a reasonably careful attorney practicing would do under circumstances similar to those shown by the evidence, is "professional negligence".

d. Claimant alleges that Respondents breached their duties by failing to assert, the following purported defenses to the foreclosure suit: (i) that the Claimant allegedly did not owe the taxes upon which the lender relied to escrow her taxes; (ii) that an alleged TILA violation occurred relating to the number of copies received by Claimant at closing; (iii) that Claimant's husband had homestead rights in the property. Based upon the evidence, given the posture of the case when Claimant brought the case to Respondent, the scope of Respondents' representation, the identity of the client, and the likelihood of success on the merits of these defenses, I find under the circumstances of this case that Respondents acted as reasonably careful attorneys by recommending Claimant pursue a loan modification instead of pursuing these defenses.

e. Claimant alleges that Respondents breached their duties by failing to clear the title so that the loan modification would go through. Based upon the evidence, I find that one of Claimant's objectives was to buy time, but another objective was to obtain a loan modification to save her home. I further find that, given the information available regarding the specific defect in title and the urgency of Claimant's loan modification, a reasonable attorney would have notified and made a claim to the original title company to correct the title issue.

f. Based upon the evidence, I hold that it is more likely than not that the loan modification would have been obtained if the cloud on title had been corrected.

**Count IV (Breach of Contract)**
Based upon the Evidence, Claimant's failed to make payment under her contract and, accordingly, failed to perform under her contract. Count IV is denied in its entirety.

**Count V (Violation of the Fair Housing Act's Prohibition on Retaliation, Intimidation, and Interference)**
For the reasons set forth on the record, Count V is denied in its entirety.

**Count VI (Violation of the Consumer Fraud Act)**
For the reasons set forth on the record, Count VI is denied in its entirety.

**Counterclaim (Breach of Contract):**
Based upon the evidence, Respondent failed to perform under the contract. Respondent's Counterclaim is denied.

**Claimant's Counterclaim**
Based upon the evidence, Claimant's Counterclaim is denied.

AWARD OF ARBITRATOR CONTINUED
Tonya Davis -vs- Law Office of Ernest B. Fenton PC and Ernest B. Fenton
Case Number: 51-20-1400-0351

### Damages

For Count III and Count IV, award is entered in favor of Claimant and against the Law Office and Fenton in the amount of $96,529.44, calculated by putting Claimant in the position she would have been in if Respondents had performed their professional duties. Had this occurred, Claimant would not have a deficiency judgment and would continue to own her home, but would still owe her mortgage and would have to pay Respondents the attorneys' fees under their agreement. Accordingly, damages are calculated as follows:

| | |
|---|---|
| $173,550.04 | Deficiency Judgment [Claimant would not have had this Judgment] (C Ex4) |
| $134,000.00 | Value of Home (Ex. 21) |
| ($206,020.60) | Value of Loan When Respondents were Retained (Ex. 19) |
| ($5,000.00) | Attorneys' Fees that Would have Been Owed to Respondents |
| **$96,529.44** | **Total** |

The administrative fees of the American Arbitration Association totaling $2,200.00 and the compensation of the arbitrator totaling $3,000.00 shall be borne by the parties as incurred.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

2-3-2015
Date

John S. Monical