# LAW OFFICE OF ERNEST B. FENTON
ATTORNEY and Counselor at Law
18110 S. Dixie Highway, 1S
Homewood, IL 60430

(708) 991-7268 business (708) 991-7943 facsimile
attorneyfenton@yahoo.com

## ATTORNEY-CLIENT ENGAGEMENT LETTER

This Agreement is entered into by and between the LAW OFFICE OF ERNEST B. FENTON, called "ATTORNEY(s)" and Tanya Davis called "CLIENT". CLIENT hires the LAW OFFICE OF ERNEST B. FENTON, and any ATTORNEY(S), law clerks, paralegals, and legal assistants, hired (as employees or independent contractors) now or in the future by them to do the work as outlined herein for the property commonly known as 3521 E. 173rd Place, Lansing, IL 60438.

### 1. WHO WORKS ON THE CASE.
ATTORNEY has the right to bring in other lawyers to work on this case. Also, CLIENT gives the power for all lawyers, law clerks, paralegals, legal assistants and interns who are now working for ATTORNEY as employees or independent contractors or individuals who are hired in the future, to work on this case. ATTORNEY ERNEST B. FENTON or any other lawyer in the firm, will not perform any service for CLIENT unless it says so in this Agreement.

### 2. CASE CONTROL.
CLIENT gives ATTORNEY the right to take all steps in this case that the ATTORNEY believes worth doing, including filing lawsuits or other legal papers. When ATTORNEY believes it is right to do so, ATTORNEY will give way to the CLIENT to make decisions.

### 3. COMMENCEMENT OF SERVICES.
If this Agreement calls for a deposit by CLIENT, then ATTORNEY(S) shall have no obligation whatsoever to provide legal services to CLIENT unless the deposit is paid in accordance with the terms of this Agreement. Otherwise, ATTORNEY(S)' obligation to provide legal services shall commence upon ATTORNEY(S)' receipt of a copy of this Agreement signed by CLIENT. ATTORNEY(S) and CLIENT each agree to sign any additional documents necessary to complete ATTORNEY(S)' discharge or Withdrawal

### 4. SCOPE OF SERVICES.
CLIENT hires ATTORNEY(S) to provide some or all of the following legal services:

1. Initial Consultation and Information Gathering
2. Consult with CLIENT regarding the foreclosure process
3. Review Foreclosure Complaint or Obtain Loan Status Report
   Review Loan Documents, HUD, etc.
4. Provide a Written Analysis or Assessment of Case Issues
5. Advise and Negotiate Resolution with Mortgagee
   Forbearance/Work out Plan

Reinstatement
Deed in Lieu
6. Provide Legal Representation
Assert Defenses in Court; Redemption with Private Funding Sources
Open Market Sale; Closed Sale; Sale-Leaseback

The services we will provide at any given time is determined by various factors, to include:
a. If a formal Complaint has been filed by your lender;
b. What "stage" of litigation, you are in;
c. Potential defenses to any pending or prospective Complaint;
d. Whether or not you desire to keep the property, or only desire additional time;
e. Your finances;
f. Etc.

Ultimately, we will provide CLIENT with a perspective of the options available to them after carefully reviewing their case and all related information. Thereafter, we will advise the best course of action given the circumstances related to the property, your resources, and what is most prudent based upon our experience. We will take reasonable steps to keep you informed of progress and to respond to your inquiries.

Services in any matter not described above will require a separate written agreement.

## 5. CLIENT'S DUTIES.

CLIENT agrees to be truthful with ATTORNEY(S), to cooperate, to keep ATTORNEY(S) informed of any information or developments which may come to CLIENT'S attention, to abide by this Agreement, to pay ATTORNEY(S)' bills on time (if applicable), and to keep ATTORNEY(S) advised of CLIENT'S address, telephone number and whereabouts. CLIENT will assist ATTORNEY(S) in providing necessary information and documents and will appear when necessary at legal proceedings.

## 6. DEPOSIT AND FEES.

CLIENT elects to pay ATTORNEY(s) either hourly at the hourly rate of $300.00 per hour or by monthly retainer. If CLIENT elects to pay ATTORNEY(s) by monthly retainer, CLIENT agrees to pay $500.00 each month beginning on _September 25_, 2010. Each payment will be due on the ___8th___ of each month thereafter, until the matter of controversy has come to a conclusion by way of settlement or otherwise. Payments will be accepted in the form of credit or debit card deductions each month pursuant to the terms of this Agreement and ancillary credit card bill payment form, cash, certified check, or money order, only. The retainer amount is exclusive of, and does not include, any fees ATTORNEY(s) will incur on behalf of CLIENT, such as filing fees for an Appearance with the Court of jurisdiction. CLIENT shall likewise pay ATTORNEY(s) the full amount of the fees which ATTORNEY(s) will incur for filing an Appearance on behalf of CLIENT, in the amount of $203.00, on the date of the second installment, or sooner. ATTORNEY(s) will not represent CLIENT unless the initial and subsequent payments as delineated herein are made by CLIENT to, or on behalf of ATTORNEY(s). ATTORNEY(s) will withdraw from representation of CLIENT for CLIENT's failure to pay any amount under this Agreement as agreed upon herein or any portion thereof.

There is a minimum flat fee of $3500.00 for this engagement.

**In the event of a principal reduction** you will be billed in addition to the fees above:

### EXAMPLE OF CALCULATION

| Attorney Percentage Fee | Current Mortgage | Principal Mortg. After Modification | Additional Attorney Fee |
|---|---|---|---|
| 0% of the first 10% of principal reduction. | 200K | 180K | $0 |
| 10% fee for 11-20% principal reduction | 200K | 178-160K | $2200-$4k |
| 15% fee for 21-30% " | 200K | 158-140K | $6300-9k |
| 20% fee for 31-50% principal reduction | 200K | 138-100K | $12400-20k |
| 51% OR MORE 25% | | | |

We will accept monthly installments. The amount will be determined between the Attorney and Client, but will not be less than the amount of any prior installment plan entered into between the parties previously.

This amount is in addition to any amounts paid, due or earned by Attorney prior to a principal reduction.

PLEASE REMIT PAYMENTS IN THE NAME OF: **LEGAL SERVICES.**

LEGAL SERVICES IS AN INDEPENDENT CLIENT MANAGEMENT COMPANY. As such, the policies and procedures for collecting fees on behalf of ATTORNEY are there own. CLIENT AGREES TO ABIDE BY LEGAL SERVICES' RULES AND POLICIES AS THEY PERTAIN TO THE COLLECTION OF FEES DUE ATTORNEY. CLIENT ALSO CONSENTS TO LEGAL SERVICES COLLECTION AND PROCESSING OF THEIR PAYMENT EACH MONTH.

All Fees are considered earned upon receipt and will not be held in an escrow account.

## 7. LEGAL FEES AND BILLING PRACTICES.

CLIENT will only be directly responsible for the fees as outlined in section 4 above; however, in the event ATTORNEY(S) are able to obtain ATTORNEY(S)' fees, costs and expenses related to this representation to be paid by the Defendant(s), CLIENT agrees that ATTORNEY(S) shall seek fees for all hours of service. And if ATTORNEY(S) are required to submit a detail of said fees, expenses and costs to the Defendant(s) and/or court of competent jurisdiction as evidence of payment, the following rates will apply:

Current hourly rates for legal personnel are as follows:

    ATTORNEY ---------- $300/hour
    Associates ---------- $210/hour
    Paralegals ---------- $125/hour
    Law Clerks ---------- $75/hour

The time charged will include the time ATTORNEY(S) spend on telephone calls relating to CLIENT'S matter, including calls with CLIENT, witnesses, opposing counsel or court personnel. The legal personnel assigned to CLIENT'S matter may confer among themselves about the matter, as required and appropriate. When they do confer, each person will charge for the time expended, as long as the work done is reasonably necessary and not duplicative. Likewise, if more than one of the legal personnel attends a meeting, court hearing or other proceeding, each will charge for the time spent. ATTORNEY(S) will charge for time in court and elsewhere and for travel time, both local and out of

town. Time is charged in minimum units of one-tenth (.1) of an hour.

## 8. INVOICE.
ATTORNEY may submit an invoice to CLIENT at the completion of the work, or at the beginning of each month, or at some other interval. These statements shall be submitted to CLIENT at the address set forth below. CLIENT shall promptly review and pay each such invoice. ATTORNEY reserves the right to suspend further work for CLIENT if invoices are not promptly paid.

## 9. COSTS AND OTHER CHARGES.
ATTORNEY(S) will incur various costs and expenses in performing legal services under this agreement. In the event of a settlement, loan modification, award, judgment or through any type of monetary relief obtained by ATTORNEY(S), CLIENT agrees to pay for all costs, disbursements and expenses in addition to the hourly fees from the gross settlement, loan modification, award, judgment or otherwise. The costs and expenses commonly include, service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master    fees and other similar items.

## 10. LIEN.
CLIENT hereby grants ATTORNEY(S) a lien on any and all causes of action CLIENT may assert in any court action brought by ATTORNEY(S) on CLIENT'S behalf under this Agreement. ATTORNEY(S)' lien will be for any sums due and owing to CLIENT to ATTORNEY(S) at the conclusion or termination of ATTORNEY(S)' services. The lien will attach to any recovery CLIENT may obtain in the court action, whether by judgment, settlement or otherwise.

## 11. DISCHARGE AND WITHDRAWAL.
CLIENT may discharge ATTORNEY(s) at any time. ATTORNEY(s) may withdraw without CLIENT'S consent only for good cause. Good cause includes, but is not necessarily limited to, CLIENT'S breach of this Agreement, refusal to cooperate or to follow ATTORNEY(s)' advice on a material matter or any fact or circumstance that would render ATTORNEY(S) continuing representation unlawful or unethical. When ATTORNEY(S)' services conclude, all unpaid charges will immediately become due and payable. After services conclude, ATTORNEY(S) will, upon CLIENT'S request, deliver CLIENT'S file, or a copy thereof, which file is in ATTORNEY(S)' possession.

## 12. DISCLAIMER OF GUARANTEE AND ESTIMATES.
Nothing in this Agreement and nothing in ATTORNEY(S)' statements to CLIENT will be construed as a promise or guarantee about the outcome of the matter. ATTORNEY(S) make no such promises or guarantees. ATTORNEY(S)' comments about the possible outcome of the matter are expressions of opinion only. Any estimate of fees given by ATTORNEY(S) shall not be a guarantee. Actual fees may vary from estimates given.

## 13. APPOINTMENTS AND COMMUNICATION

CLIENT understands that the ATTORNEY usually sees CLIENT after making an appointment, except emergencies. Walk-in appointments are not made, unless an emergency. CLIENT understands that ATTORNEY may from time to time have to change appointments and that this will be done at the earliest possible time. CLIENT further understands that ATTORNEY may have to change an appointment at the last minute due to unforeseen circumstances. ATTORNEY apologizes in advance for any and all inconveniences this may cause CLIENT. ATTORNEY would appreciate CLIENT notifying ATTORNEY of any appointments CLIENT is unable to keep.

COMMUNICATION. It is ATTORNEY(S)' policy to not bill for phone calls or personal meetings; however we ask CLIENT to be mindful of our policy to manage those communications such that they do not become unproductive and inefficient. Often times, ATTORNEY is not prepared to answer questions without referencing CLIENT file or sourcing information beyond CLIENT file and it is not feasible for ATTORNEY to obtain the information without notice. Consequently, I require that CLIENT reduce inquiries and concerns to writing, unless it an emergency, and utilize electronic means of communication, i.e., e-mail and facsimile.

In the event CLIENT desires a case update or status, it must be done by mailing or faxing the attached status request form to legalservices153@gmail.com. If CLIENT desires ATTORNEY to forward a status request form via e-mail or facsimile, please forward that request via e-mail to legalservices153@gmail.com, or via facsimile to (773) 751-5097.

We will respond to your status request within 48 hours, not including holidays and weekends.

IN THE EVENT CLIENT ELECTS TO TERMINATE OR SUSPEND MORTGAGE PAYMENTS BE ADVISED THAT SUCH ACTION WILL MOST LIKELY RESULT IN A FORECLOSURE ACTION BEING FILED AGAINST YOU BY YOUR LENDER.

## 14. ENTIRE AGREEMENT.

This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

## 15. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

## 16. MODIFICATION BY SUBSEQUENT AGREEMENT.

This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both ATTORNEY(S) and CLIENT.

## 17. ARBITRATION CLAUSE

In the event that there is a dispute between ATTORNEY(S) and CLIENT regarding any provision in this agreement, or the outcome of the matter for which CLIENT retained ATTORNEY(S), ATTORNEY(S) and CLIENT agree to submit the dispute to binding arbitration at the American Arbitration Association for resolution. As such, CLIENT understands that in the event of such a

dispute, CLIENT acknowledges and understands that CLIENT waives all rights to a trial by jury.

## 18. EFFECTIVE DATE.

This Agreement will govern all legal services performed by ATTORNEY(S) on behalf of CLIENT commencing with the date ATTORNEY(S) first performed services. The date of this Agreement is for reference only. Even if this Agreement does not take effect, CLIENT will be obligated to pay ATTORNEY(S) the reasonable value of any services ATTORNEY(S) may have performed for CLIENT.

Respectfully Submitted,

*[signature]*

Ernest B. Fenton
Attorney at Law

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY(S) FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE, JOINTLY AND SEVERALLY, FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. CLIENT SHALL RECEIVE A FULLY EXECUTED DUPLICATE OF THIS AGREEMENT.

Dated this _25th_ day of the month of _September_, 2010.

_[signature]_
CLIENT Signature                      CLIENT Signature

**CLIENT SHALL PROVIDE THE FOLLOWING AS SOON AS POSSIBLE:**
(In order for me to be most effective at providing you consultation or representation in this matter, I will need the following information provided as soon as possible.)

a. Signed Engagement Letter _____
b. Signed Authorization to Release Information _____
c. Copies of all correspondence sent to you from Lenders ATTORNEY _____
    Foreclosure Complaint and Judgment _____
d. Copies of all Correspondence from Lender (i.e., Notice of Default) _____
e. Copy of most recent Mortgage Statement _____
f. Filled-out Information Sheet _____
g. Closing documents (i.e., HUD-1, mortgage, note) _____
h. Certification and Verification _____